UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMMEY J. BINSCHUS,

        Plaintiff,

                                        Case Number 07-14105-BC
v.                                            Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On September 23, 2003, Plaintiff Tammey Binschus ("Plaintiff") filed an application with Defendant Commissioner of Social Security ("Defendant" or "Commissioner") for supplemental security income. Plaintiff alleged that she had been disabled since June 30, 1999, due to several impairments, including attention deficit hyperactivity disorder ("ADHD"), hypomania, and anxiety disorder. Defendant denied Plaintiff's application for benefits and Plaintiff requested de novo review by an administrative law judge ("ALJ"). The ALJ held a hearing on May 31, 2006, and on January 24, 2007, the ALJ denied Plaintiff's claims. Plaintiff sought review by the Appeals Council, but review was declined.

On September 28, 2007, Plaintiff commenced this action for review of the ALJ's decision. The case was referred to Magistrate Judge Mona K. Majzoub for determination of the non-dispositive issues and for a report and recommendation. On January 18, 2008, Plaintiff filed a motion for summary judgment [Dkt. # 12], and on April 17, 2008, Defendant filed a motion for summary judgment [Dkt. # 19]. On January 8, 2009, the magistrate judge issued a report and

recommendation, recommending that the Court affirm the ALJ's decision, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment. The magistrate judge concluded that the ALJ's finding that Plaintiff remained capable of performing a significant number of jobs in the economy was based on substantial evidence.

On January 19, 2009, Plaintiff objected to the report and recommendation [Dkt. # 23], and on February 2, 2009, Defendant filed a response [Dkt. # 24]. For the reasons stated below, the Court will **OVERRULE** Plaintiff's objections, **ADOPT** the report and recommendation, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment.

Plaintiff presents two objections. First, Plaintiff objects that the magistrate judge did not properly consider the issue of drug and alcohol abuse. Second, Plaintiff objects that the magistrate judge did not properly assess Plaintiff's subjective complaints of pain. Plaintiff does not dispute the basic underlying facts as presented by the magistrate judge, thus, the Court will not repeat them here.

I

The Commissioner of Social Security determines whether a claimant is disabled in accordance with a five-step process. A claim is allowed when a claimant demonstrates the following: (1) she is not engaged in substantial gainful employment; (2) she suffers from a severe impairment; and (3) the impairment meets or is equal to a "listed impairment." If the claimant does not satisfy the third step, the claim is still allowed if the fourth and fifth steps are satisfied. In step four, the claimant must show that she does not retain the residual functional capacity to perform her relevant past work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). At the fifth and final step, the Commissioner determines whether the claimant is able to perform any other gainful employment in light of the

claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v).

When alcoholism or drug addiction is implicated, the ALJ must make a determination whether alcoholism or drug addiction is a contributing factor material to a disability determination. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 416.935(b)(1). In determining materiality, the "key factor" is "whether [the Commissioner] would still find [the claimant] disabled if [she] stopped using drugs or alcohol." 20 C.F.R. § 416.935(b)(1).

The Court reviews Defendant's decision to determine whether its "factual findings . . . are supported by substantial evidence." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The magistrate judge found that the ALJ applied the proper framework in evaluating Plaintiff's claims and that the ALJ's decision was supported by substantial evidence. First, the ALJ found that Plaintiff had not engaged in substantial gainful employment. Second, the ALJ determined that Plaintiff had several severe impairments. Third, the ALJ determined that Plaintiff's impairments, including the substance abuse disorders, met or were equal to a listed impairment, through August 20, 2005. Thus, the ALJ found that Plaintiff was disabled through August 20, 2005.

Then, the ALJ analyzed the time period beginning August 21, 2005, the point at which the ALJ determined that Plaintiff had ceased abusing substances. The ALJ found that Plaintiff satisfied step two, because during that time period, Plaintiff had severe impairments. However, the ALJ found that Plaintiff had not satisfied step three because Plaintiff's impairments did not meet or equal a listed impairment. At step four, after determining Plaintiff's RFC, the ALJ found that Plaintiff had demonstrated that she could not perform past relevant work. However, at step five, the ALJ found that Plaintiff could perform other gainful employment in light of her RFC, age, education, and work experience and that there were a significant number of jobs in the national economy that she could perform. Thus, the ALJ found that Plaintiff was not entitled to benefits for the period beginning August 21, 2005.

Finally, the ALJ concluded that Plaintiff's substance abuse was a contributing factor material to the finding of disability for the period prior to August 21, 2005, but that it was not a contributing factor material to the finding of no disability for the subsequent period. In determining that Plaintiff's substance abuse was a contributing factor material to the finding of disability for the former period, the ALJ considered evidence from the time period in which Plaintiff was abusing substances and distinguished that evidence from the period beginning when Plaintiff stopped abusing substances. For example, the ALJ relied on evidence that subsequent to Plaintiff's cessation of substance abuse, she still experienced depressive symptoms, but there was no evidence of suicide attempts or related hospitalizations; Plaintiff testified that she was able to sleep at night without the use of alcohol and drugs; and Plaintiff's psychiatrist's notes indicated that Plaintiff was not having problems focusing on her school work.

Based on the above, the Court agrees with the magistrate judge that the ALJ applied the proper legal framework in determining that Plaintiff's substance abuse was a contributing factor material to the ALJ's finding of disability for the period prior to August 21, 2005. Contrary to Plaintiff's objection, neither the ALJ nor the magistrate judge "assumed" that because the Plaintiff's impairments did not meet or equal a listed impairment at step three, beginning August 21, 2005, that Plaintiff was "restored" to the ability to perform substantial gainful work at step five. Rather, the ALJ properly determined and considered Plaintiff's RFC for the period beginning August 21, 2005; her age, education, and work experience; and that there were a significant number of jobs in the national economy that she could perform. The Court agrees with the magistrate judge that the ALJ's decision was supported by substantial evidence.

## II

Plaintiff's second objection is that the ALJ and the magistrate judge did not properly assess Plaintiff's subjective complaints of pain. Plaintiff contends that the ALJ did not take into account Plaintiff's back pain or the side effects of her medications when he determined her RFC. The magistrate judge concluded that the ALJ did not have notice that Plaintiff alleged that pain contributed to her disability because Plaintiff never alleged in her application or at the hearing that her pain or the side effects of her medications were severe impairments.

Plaintiff contends that her hearing testimony provided notice to the ALJ that pain and side effects from her medications contributed to her disability. A review of the transcript page cited by Plaintiff reveals the following testimony by Plaintiff:

  Q: Are you taking any medications?
  A: Yes, I am.
  Q: Lomectal [phonetic]?

> A: Yes.
>
> Q: And Trileptal? Ibuprofen.
>
> A: Yes.
>
> Q: What do you take that for?
>
> A: Because I got, sometimes like back pains and [INAUDIBLE] from the meds. I have congestion really bad. It sometimes helps. They're getting ready to give me something for the congestion that comes from [INAUDIBLE] I take.
>
> Q: Do the, does the medication that you take bother your stomach at all?
>
> A: It's just, yeah. [INAUDIBLE] from acid reflux. I went from Ibuprofen. They just put me on Naproxen actually [INAUDIBLE].

Tr. 500. As the magistrate judge pointed out, Plaintiff cites to no evidence of work-related limitations caused by a long-lasting impairment. Thus, the Court agrees with the magistrate judge that the ALJ did not err in evaluating Plaintiff's subjective complaints of pain and that the ALJ's decision was supported by substantial evidence.

### III

The Court has reviewed the record evidence and the ALJ's opinion, and agrees with the magistrate judge that, under the governing standards, the ALJ's decision was within the range of discretion allowed by law and is supported by substantial evidence.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 22] is **ADOPTED**, and that Plaintiff's objections to the report and recommendation [Dkt. # 23] are **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 19] is **GRANTED**, and that Plaintiff's motion for summary judgment [Dkt. # 12] is **DENIED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: February 24, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2009.

         s/Tracy A. Jacobs
         TRACY A. JACOBS